

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 20, 1959

Honorable William M. King
Securities Commissioner
State Securities Board
Austin, Texas

Opinion No. WW-552

Re: Whether the "increase of capital stock of a corporation", Article 581, V.C.S., the Securities Act, Subdivision (e) of Section 5, refers to an increase of authorized shares of capital stock, or to an increase of shares of capital stock outstanding by the issuance of shares already authorized, and related questions.

Dear Mr. King:

We quote from your letter requesting our opinion on the above mentioned matters, in part as follows:

"Article 581, V.C.S., the Securities Act, in Subsection (e) of Section 5, sets out as an exempt transaction: 'The sale of an increase of capital stock of a corporation only to its stockholders and without payment of any commission or expense to any officer, employee, broker or agent.'

"We have several questions which involve interpretation of the noted subsection. First, does 'increase of capital stock of a corporation' within the meaning of this section refer to an increase of authorized shares of capital stock, or does it refer to an increase of shares of capital stock outstanding by the issuance of shares already authorized?

"Secondly, assuming that pre-emptive rights of the stockholders are not denied or limited by the corporation's charter, can a corporation avail itself of the Section 5 (e) exemption if an offering of common shares is not made to each stockholder in proportion to his holdings of common stock in the corporation?"

"Where the full authorized amount of stock is not originally issued, additional stock may be issued from time to time up to the limit authorized, for this is not an increase of stock."

18 Corpus Juris Secundum, Section 268.

It must be noted that in Subsection (e) of Section 5, the Texas Securities Act, the Legislature used the phrase, "increase of capital stock" and not "sale of capital stock" which would indicate the intention of the Legislature to include only an actual increase of the amount of capital stock authorized in this exemption. We think that the language of this subsection is clear and unambiguous and that the only proper meaning that can be drawn from it is that the subsection refers to an increase of authorized shares of capital stock through an amendment to the corporate charter.

Therefore, in answer to this first question, we hold that Subsection (e) of Section 5 of the Securities Act permits an exemption from registration by a corporation of stock constituting an actual increase of the authorized shares of the capital of the corporation.

In answer to your Question No. 2, we hold that there is nothing specifically or impliedly in this subsection that would require the preemptive rights of the stockholder to be observed in order to qualify such an increase of capital stock for this exemption. The pre-emptive rights of a stockholder are a matter in which the stockholders themselves are peculiarly interested, and not a matter for the concern of the Security Commissioner of Texas.

Having answered your second question in the affirmative, there is no need to answer the third and fourth questions set out in your letter. Your fifth question is quoted as follows:

"Where stockholders' pre-emptive rights are expressly limited or denied in a corporation's charter, could the sale of an increase of capital stock of such corporation be made to any single stockholder or to a few individual stockholders as an exempt transaction under the above noted subsection?"

Our reasonings specifically set out in answer to your Question No. 2 apply here and we therefore hold that Subsection (e) of Section 5 of the Securities Act does not permit the Securities Commissioner to be concerned with the denial or observance by a corporation of its stockholders' pre-emptive rights in order to qualify an increase of capital stock by the corporation under this section.

## SUMMARY

Subsection (e) of Section 5 of the Securi-

ties Act of Texas authorizes an exemption
to be given to the issuance by a corporation
of stock actually constituting an increase
in the authorized capital of said corpora-
tion. And the question of whether or not
individual stockholders are given pre-emp-
tive rights or denied such rights does not
affect the exemption afforded by this section.

Very truly yours,

WILL WILSON
Attorney General of Texas


By s/Richard A. Wells
      Richard A. Wells
      Assistant

RAW:jg:wc

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

C.K. Richards
Robert T. Lewis
Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL BY:
W. V. Geppert